IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN BEAN,                                CASE NO. 2:08-cv-00471
                                           JUDGE MARBLEY
          Petitioner,                      MAGISTRATE JUDGE KEMP

v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

          Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition,

respondent's return of writ, and the exhibits of the parties.  For the reasons that follow, the

Magistrate Judge **RECOMMENDS that** this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural

history of this case as follows:

> The Franklin County Grand Jury indicted appellant on the
> following offenses, which all contained firearm specifications:
> (1) one count of aggravated burglary, a first-degree felony, in
> violation of R.C. 2911.11; (2) two counts of felonious assault, a
> second-degree felony, in violation of R.C. 2903.11; (3) three
> counts of kidnapping, first-degree felonies, in violation of R.C.
> 2905.01; (4) three counts of aggravated robbery, first-degree
> felonies, in violation of R.C. 2911.01; (5) three counts of
> robbery, second-degree felonies, in violation of R.C. 2911.02;
> (6) three counts of robbery, third-degree felonies, in violation
> of R.C. 2911.02; and (7) one count of attempted murder, a
> first-degree felony, in violation of R.C. 2923.02 (as it relates to
> R.C. 2903.02). The charges stemmed from a home invasion that

took place on June 17, 2004.

Appellant pled not guilty to the above charges, and a jury trial ensued. At trial, Phillip McGhee, one of the victims of the home invasion, testified on behalf of plaintiff-appellee, the State of Ohio. McGhee testified that, after the home invasion, Columbus Police Detective Gary Bowman presented a photo array to McGhee. Specifically, McGhee testified as follows:

[MCGHEE:] [DETECTIVE BOWMAN] ASKED ME IF I COULD IDENTIFY [APPELLANT] AMONG THE SIX PHOTOGRAPHS.

[APPELLEE:] DID HE TELL YOU THAT [APPELLANT] WAS DEFINITELY IN THOSE PHOTOGRAPHS?

[MCGHEE:] YES.

[APPELLEE:] HE SAID YOU WOULD BE ABLE TO FIND HIM IN THERE?

[MCGHEE:] I BELIEVE HE DID, I'M NOT POSITIVE BUT I BELIEVE SO. YOU KNOW, I BELIEVE AS SOON AS I LOOKED AT THESE PICTURES I AUTOMATICALLY THOUGHT THAT THE GUY WAS [APPELLANT] WHO WAS IN THESE PICTURES.

* * *

[APPELLEE:] DID [DETECTIVE BOWMAN] POINT OUT ANY OF THE PHOTOGRAPHS TO LOOK AT?

* * *

[MCGHEE:] NO.

[APPELLEE:] ALL RIGHT. TELL THE JURY WHAT [DETECTIVE BOWMAN] DID?

[MCGHEE:] HE PUT THE PAPER IN FRONT OF ME AND SAID THAT I NEED YOU TO IDENTIFY [APPELLANT] AND

TAKE A LOOK AND IF ANY OF THESE LOOK LIKE HIM, MARK AN "X" AND SIGN YOUR NAME AND THAT'S WHAT I DID.

[APPELLEE:] IS THAT EXACTLY WHAT HE SAID?

[MCGHEE:] YES, THAT'S EXACTLY WHAT HE SAID.

(Tr. at 82-83.) On cross-examination, McGhee testified that, during the home invasion, he "looked dead into [appellant's] eyes" and that he would never forget appellant's eyes. (Tr. at 92.)

Detective Bowman also testified on appellee's behalf in regards to the photo array that he presented to McGhee. Detective Bowman testified:

I TOLD [MCGHEE] * * * THAT I'M GOING TO SHOW YOU SIX PHOTOGRAPHS ON A SHEET OF PAPER IN NO PARTICULAR ORDER OF IMPORTANCE.

I TOLD HIM THAT THE SUSPECT MAY BE INCLUDED IN THE PHOTO ARRAY AND HE MAY NOT BE AND THAT YOU'RE NOT REQUIRED TO MAKE A SELECTION, BUT JUST LOOK AT THEM AND IF YOU SEE ONE YOU THINK IS A SUSPECT YOU LET ME KNOW AND IF YOU DON'T, THAT'S FINE, TOO. BUT YOU ARE NOT REQUIRED TO MAKE A SELECTION * * *.

(Tr. at 266.)

Before presenting the case to the jury, appellee dismissed: (1) two kidnapping counts; (2) two aggravated robbery counts; and (3) all six second and third-degree felony robbery counts. Subsequently, the jury found appellant guilty on the remaining counts and accompanying firearm specifications.

On January 26, 2006, the trial court held a sentencing hearing. At the sentencing hearing, appellant's trial counsel made no constitutional challenges under *Blakely v. Washington* (2004), 542 U.S. 296, to appellant's sentence or to Ohio's felony

sentencing laws. Rather, appellant's trial counsel argued that, except for the attempted murder conviction, the trial court could not impose maximum prison sentences on appellant's offenses under Ohio's felony sentencing laws. Appellant's trial counsel also argued that, under Ohio's felony sentencing laws, the trial court could not impose consecutive sentences.

The trial court concluded that appellant had committed "the worst form of the offenses[.]" (Tr. at 442.) Such a finding is a factor that triggers maximum prison sentences under R .C. 2929.14(C). However, the trial court did not impose maximum prison sentences on any of appellant's offenses.

The trial court did order appellant to serve consecutive sentences on the offenses of aggravated burglary, attempted murder, and one felonious assault. In doing so, the trial court made findings under R.C. 2929.14(E)(4). Specifically, the trial court stated:

THE COURT HAS FOUND THAT THE CONSECUTIVE SENTENCES IN THIS CASE, THE COURT FINDS ARE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF THE CONDUCT THAT YOU DISPLAYED AND THE DANGER YOU POSED TO THE PUBLIC.

FURTHER, THE COURT FINDS THAT TWO MULTIPLE OFFENSES COMMITTED ARE MORE THAN ONE MORE OF THE COURSE OF CONDUCT AND HARM SO COMMITTED, ARE SO GREAT AND SO UNUSUAL THAT NO SINGLE PRISON TERM COULD COMPLEMENT ANY PART OF THE COURSE OF CONDUCT OR COULD ADEQUATELY COMPLEMENT THE SERIOUSNESS OF YOUR CONDUCT; AND THE COURT FINDS THE SHORTEST PRISON TERM WOULD DEMEAN THE SERIOUSNESS OF THE CONDUCT AND WOULD NOT ADEQUATELY PROTECT THE PUBLIC AS TO ANY FUTURE CRIMES BY YOURSELF.

THE COURT HAS LISTENED CAREFULLY TO YOUR PREVIOUS RECORD AND THE COURT HAS CONSIDERED YOUR PREVIOUS RECORD AS TO THE CONSECUTIVE SENTENCES IMPOSED.

(Tr. at 442.)

> The trial court ordered appellant to serve concurrent sentences on the remaining offenses. The court then merged the firearm specifications and ordered appellant to serve a three-year prison sentence on the merged firearm specifications, consecutive to the other sentences.

*State v. Bean*, 2006 WL 3718333 (Ohio App. 10th dist. December 19, 2006). Petitioner filed

a timely appeal, in which he asserted the following sole assignment of error:

> APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, THEREBY DENYING HIM HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

*See id.* On December 19, 2006, the appellate court affirmed the trial court's judgment. *Id.*

Still represented by counsel, petitioner filed a timely appeal to the Ohio Supreme Court.

He raised the following propositions of law:

> 1. A trial court that imposes a sentence by using factors which are not found by a jury or admitted by the defendant violates the defendant's rights to due process and a jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and Sections Ten and sixteen, Article I, Ohio Constitution.
>
> 2. Trial counsel renders ineffective assistance by failing to object to an unconstitutional sentence. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Sections Ten and Sixteen, Article I, of the Ohio Constitution.
>
> 3. Sentences that violate *Blakely v. Washington* are void, and may be challenged on direct appeal regardless of whether trial counsel objected.
>
> 4. The remedy that this Court set forth in *State v. Foster* violates the Ex Post Facto and Due Process Clauses of the United States

Constitution.

> 5. The Ohio Revised Code, in its current state, does not authorize consecutive prison terms.

*Exhibit 7 to Return of Writ.* On May 2, 2007, the Ohio Supreme Court dismissed petitioner's appeal. *State v. Bean,* 113 Ohio St.3d 1491 (2007).

On May 16, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Ineffective assistance of trial counsel. Trial counsel failed to object at sentencing when sentence was imposed. There is no reasonable justification for that failure. Had counsel raised the issue at sentencing, there is a reasonable probability that a different outcome would have resulted. Mr. Bean was denied effective assistance of counsel.
>
> 2. Trial court that imposes a sentence by using factors which are not found by a jury admitted by the defendant violates the defendants rights to due process and a jury under Fifth, Sixth and Fourteenth Amendments to the United States Constitution ....
>
> 3. Trial counsel didn't challenge judge's sentencing when he strayed farther from his jurisdiction when he didn't allow the jury to impose or recommend a sentence.
>
> 4. The court [illegible] or allowing arguments that a case doesn't apply to defendant cause the law changed after case was tried and sentence which violated the Ex Post Facto and Due Process clause of the United States Constitution.

It is the position of the respondent that petitioner's claims are procedurally defaulted or without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.*;*Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam; Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982);*Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*.

Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

In claim two, petitioner asserts that his sentence violated *Blakely.* In claim four, petitioner asserts that his sentence violated the Ex Post Facto clause. These claims are readily apparent from the face of the record and therefore should have been raised on direct appeal, but were not. Further, petitioner may now no longer present such claims to the state courts under Ohio's doctrine of *res judicata. State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981); *State v. Perry,* 10 Ohio St.2d 175 (1967). Petitioner first raised these claims in appeal to the Ohio Supreme Court. *See Exhibit 7 to Return of Writ.* However, the Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below. *See Mitts v. Bagley,* 2005 WL 2416969 (N.D. Ohio September 29,2005)(habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Ohio Supreme Court), citing *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982). Therefore, this Court deems the first and second parts of the *Maupin* test to have been met.

The Court must next decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of the petitioner's federal

constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. The Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir.2006); *Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir.2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir.2000); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir.2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir.1998). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused, in reliance on that doctrine, to review the merits of claims. *See State v. Cole, supra; State v. Ishmail, supra.* Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third part of the Maupin test has been met, at least as to claim four, in which petitioner asserts that his sentence violates the Ex Post Facto Clause. Further, petitioner has failed to establish cause for his procedural default of claim four.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to be such a case.

As to petitioner's claim that his sentence violated *Blakely*, the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1 (2006), remanded all cases then pending on direct review for re-sentencing without regard to whether the defendant had properly preserved the claim by raising such objection at sentencing. *State v. Foster*, *supra*, 109 Ohio St.3d at 31; *see also State v. Silsby*, 119 Ohio St.3d 370, 373, 894 N.E.2d 667 (2008):

> [W]e limited application of *Foster* to those cases "pending on direct review." (Emphasis added.) *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 104. Black's Law Dictionary defines "pending" as "[r]emaining undecided" or "awaiting decision." Black's Law Dictionary (8th Ed.2004) 1169. Accordingly, for a criminal action to be "pending on direct review" for *Foster* purposes, it must have been filed in the court at the time we announced *Foster* and must have been awaiting an action or a decision at the time of our decision in that case. *Foster,* ¶ 104.

*Id.* Petitioner's case remained pending on direct appeal at the time *Foster* was decided.[1]

Respondent nonetheless contends that petitioner waived his *Blakely* claim for federal habeas corpus review by failing to raise the objection at sentencing. However, at least prior to the Ohio Supreme Court's September 26, 2007, decision in *State v. Payne*, 114 Ohio St.3d 502, 506 (2007)(holding that a defendant sentenced after *Blakely* must raise the objection at sentencing or forfeit the error for appellate review), Ohio appellate courts disagreed on whether failure to raise a *Blakely* objection at sentencing precluded appellate review of such

---

[1] The trial court sentenced petitioner on January 26, 2006, long after the United States Supreme Court's June 24, 2004, decision in *Blakely,* but prior to the Ohio Supreme Court's February 27, 2006, decision in *Foster.* The appellate court affirmed the trial court's judgment on December 16, 2006, also prior to *Foster*; but the Ohio Supreme Court dismissed petitioner's appeal after *Foster,* on May 2, 2007.

claim. *See, e.g., State v. Scranton Buchanan,* 2006 WL 3059911 (Ohio App. 7th Dist. October 26, 2006).[2]  Arguably, therefore, the procedural rule relied on by the state appellate court foreclosing appellate review of petitioner's *Blakely* claim was not consistently enforced so as to preclude federal habeas corpus review of this claim.  *See, e.g. Curtis v. Brunsman,* 2009 WL 1585527 (S.D. Ohio June 4, 2009); *but see Morris v. Kerns,* 2009 WL 2169210 (S.D. Ohio July 20, 2009).[3]  The Ohio Tenth District Court of Appeals, which had jurisdiction over

---

[2]  Ohio's Seventh District Court of Appeals concluded that the doctrine of waiver did not apply to claims under *Blakely* in *Scranton Buchanan, supra:*

> *Foster* and its progeny created an exception to the doctrine of waiver. Many of the cases the Ohio Supreme Court has remanded pursuant to *Foster* involved post- *Blakely* sentencing dates. Yet, the Ohio Supreme Court gave no indication whether *Blakely* issues were raised to the trial court. Instead, it has unlimitedly remanded the cases. *See State v. Moser,* 5th Dist. No. 05CA39, 2006-Ohio-165 (sentencing took place on April 20, 2005); *State v. Bryant,* 9th Dist. No. 22723, 2006-Ohio-517 (sentencing took place on May 9, 2005), *State v. Kendrick,* 2d Dist No. 20965, 2006-Ohio-311 (sentencing took place on March 9, 2005), *State v. Phipps,* 8th Dist. No. 86133, 2006-Ohio-99 (sentencing took place on March 3, 2005); *State v. Hampton,* 10th Dist. No. 04AP-806, 2005-Ohio-7063 (sentencing took place on July 12, 2004), *State v. Herbert,* 3d Dist No. 16-5-08, 2005-Ohio-6869 (sentencing took place on May 24, 2005); *State v. Wassil,* 11th Dist. No.2004-P-0102, 2005-Ohio-7053 (sentencing took place on October 18, 2004); *State v. Cottrell,* 7th Dist. No. 04CO53, 2005-Ohio-6923 (sentencing took place on September 3, 2004). This is just a small representative sample of cases from eight different appellate courts which affirmed sentences in which the defendant was sentenced post- *Blakely,* and in which the Ohio Supreme Court later reversed the sentences and remanded for resentencing under *Foster.*

*Id.*

[3]  In *Morris v. Kerns, supra*, the Court rejected the argument that a defendant sentenced after *Blakely* but prior to *State v. Payne, supra*, 114 Ohio St.3d at 5021, was not required to raise the objection at sentencing to preserve the claim for federal habeas corpus review:

petitioner's appeal, enforced Ohio's contemporaneous objection rule on *Blakely* claims. *See State v. Draughon,* 2006 WL 1351607 (Ohio App. 10th Dist. May 16, 2006).

Under *Maupin,* the procedural rule barring federal habeas corpus review of a petitioner's claim must constitute an adequate and independent state ground upon which to deny relief. To qualify as "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson,* 501 U.S. 722, 732-33 (1991). To qualify as "adequate," the state procedural rule must, among other things, be firmly established and regularly followed by the state courts. *Ford v. Georgia,* 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky,* 466 U.S. 341 (1964);

---

While the Ohio intermediate appellate courts were divided about whether defendants who first raised a *Blakely* argument on direct appeal and whose cases were pending when *Foster* was announced, Ohio has a long-standing inconsistently enforced contemporaneous objection rule. *Osborne v. Ohio,* 495 U.S. 103, 124, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990); *Engle v. Isaac,* 456 U.S. 107, 124-25, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *State v. Underwood,* 3 Ohio State 3d 12, 444 N.E.2d 1332 (1982); *State v. Durkin,* 66 Ohio St.2d 158, 161, 420 N.E.2d 124 (1981); *State v. Wade,* 53 Ohio St.2d 182, 186, 373 N.E.2d 1244 (1978);*State v. Wallen,* 25 Ohio St.2d 45, 46, 266 N.E.2d 561 (1971). The Ohio appellate Court's confusion about how to read the *Foster* remand does not undermine that fact that Ohio has consistently enforced its contemporaneous objection rule. Neither Morris nor any other defendant could have been misled about the necessity of raising an objection to a sentencing error during the sentencing proceeding. Consequently, respondent has demonstrated that petitioner Morris has waived his *Blakely* claim.

*NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964); *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir.2002), citing *Ford v. Georgia, supra*, 498 U.S. at 423-24; *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988); *see also Carpenter v. Edwards*, 113 Fed. Appx. 672, 677 (6th Cir.Oct.28, 2004) (unpublished) (Although Rule 26(B) had not been regularly followed in 1994, application of rule had been regularized by 1998); Richey v. Mitchell, 395 F.3d 660, 679-80 (6th Cir.2005) (same).

Additionally, the Court presumes that petitioner asserts, as cause for his failure to object at sentencing, the ineffective assistance of trial counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (a claim of ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted). He asserts this same claim in claims one and three of this federal habeas corpus petition. The state appellate court rejected this claim as follows:

> [A]ppellant argues that his trial counsel rendered ineffective assistance at his January 26, 2006 sentencing hearing. As noted above, the trial court concluded at the hearing that the offenses appellant committed were the worst form of the offenses. Such findings are in accord with R.C. 2929.14(C), which states: "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense [.]" Nonetheless, the trial court did not impose the maximum authorized prison sentences on appellant's offenses.

> The trial court did order appellant to serve consecutively the sentences on convictions for aggravated burglary, attempted murder, and one felonious assault. In doing so, the trial court made findings under R.C. 2929.14(E)(4), which states that:

> If multiple prison terms are imposed on an offender for

convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

* * *

(b) * * * [T]he harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

In arguing his trial counsel's ineffectiveness, appellant contends that his trial counsel should have challenged, under *Blakely,* the constitutionality of the trial court's findings and, overall, his sentences. *Blakely* stems from *Apprendi v. New Jersey* (2000), 530 U.S. 466, 490, wherein the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution and Fourteenth Amendment due process guarantees. *Apprendi* at 476-478, 497. In *Blakely,* the United States Supreme Court defined " 'statutory maximum' for *Apprendi* purposes" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (Emphasis sic.) *Blakely* at 303.

Since appellant's sentencing, the Ohio Supreme Court decided the applicability of *Blakely* to Ohio's felony sentencing laws in

*State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. In *Foster*, the Ohio Supreme Court concluded that portions of Ohio's felony sentencing statutes violate the Sixth Amendment to the United States Constitution in the manner set forth in *Blakely. Foster* at ¶ 50-83. Specifically, the court stated that, under certain circumstances, the felony sentencing statutes require a trial court to make "specific findings before imposing a sentence beyond that presumed solely by a jury verdict or admission of a defendant." *Id.* at ¶ 54. In particular, the Ohio Supreme Court declared unconstitutional R.C. 2929.14(C) and 2929.14(E)(4), the statutes involved in appellant's case. See *Foster* at ¶ 83. Accordingly, in *Foster*, the Ohio Supreme Court severed the unconstitutional statutes from Ohio's felony sentencing laws. *Id.* at ¶ 99. The Ohio Supreme Court then concluded that cases pending on direct review "must be remanded to trial courts for new sentencing hearings[.]" Id. at ¶ 104.

In *State v. Draughon*, Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 7, we acknowledged the "broad language the Supreme Court of Ohio used in *Foster* when it ordered resentencing for all cases pending on direct review." However, we concluded that "a defendant who did not assert a *Blakely* challenge in the trial court waives that challenge and is not entitled to a resentencing hearing based on *Foster*." *Id.* In concluding as such, we "consider[ed] the language used in *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, the case that *Foster* relied on in arriving at" its decision to sever the unconstitutional statutes from Ohio's felony sentencing laws. *Draughon* at ¶ 7. "In *Booker*, the United States Supreme Court applied *Blakely* to the Federal Sentencing Guidelines. The *Booker* Court applied its holding to all cases on direct review." *Draughon* at ¶ 7. However, the *Booker* court "expected reviewing courts to apply 'ordinary prudential doctrines,' such as waiver * * * to determine whether to remand a case for a new sentencing." *Draughon* at ¶ 7, quoting *Booker* at 268. "Thus, in accordance with the well-settled doctrine of waiver of constitutional challenges, and the language in *Booker*, we [held] that a *Blakely* challenge is waived by a defendant sentenced after *Blakely if* it was not raised in the trial court." *Draughon* at ¶ 8.

Here, as appellant recognizes, his trial counsel waived a *Blakely* challenge to his sentences by not asserting the challenge at the sentencing hearing. *Draughon* at ¶ 8. In reviewing whether such a waiver rises to the level of ineffective assistance, we initially note that a trial court's application of the statutory sentencing scheme in existence before *Foster* generally benefitted defendants. *State v. Peeks,* Franklin App. No. 05AP-1370, 2006-Ohio-6256, at ¶ 15. As an example, before *Foster*, a trial court had to make a number of findings under R.C. 2929.14(C) and 2929.14(E)(4) before it could sentence a defendant to maximum and consecutive sentences, respectively. *See Peeks* at ¶ 15. These required findings limited the trial court's sentencing discretion and prohibited maximum and consecutive sentences unless each and every finding was made. *See Peeks* at ¶ 15. However, because *Foster* found unconstitutional and severed from the sentencing statutes R.C. 2929.14(C) and 2929.14(E)(4), trial courts now have "full discretion" within the sentencing statutory ranges to sentence defendants to maximum and consecutive sentences and do not need to make any findings to support their decision. *See Foster* at paragraph seven of the syllabus; *Peeks* at ¶ 15.

Thus, due to *Foster,* a remand for the trial court to re-sentence appellant would subject appellant to the trial court's "full discretion" to impose maximum and consecutive sentences with no need to make any findings to support its decision. *See Foster* at paragraph seven of the syllabus; *see, also, Peeks* at ¶ 15 (noting that it was more difficult for a trial court to impose a consecutive sentence before *Foster* than now). Because *Foster* generates such a result, we can find no prejudice from appellant's trial counsel's failure to raise a *Blakely* challenge to appellant's sentences, and we conclude that appellant's trial counsel's failure to raise the *Blakely* challenge does not rise to the level of ineffective assistance. *See Strickland* at 694.

In disposing of the above ineffective assistance claim by finding no prejudice, we note that we need not also determine whether trial counsel's performance was deficient by failing to raise the *Blakely* challenge. *See Strickland* at 697; *In re C.C.,* Franklin App. No. 04AP-883, 2005-Ohio-5163, at ¶ 103. Specifically:

> \* \* \* [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. \* \* \*

> *Strickland* at 697; *In re C.C.* at ¶ 103.

> Having found that appellant's trial counsel did not render ineffective assistance, we overrule appellant's single assignment of error. As such, we affirm the judgment of the Franklin County Court of Common Pleas.

*State v. Bean, supra*, 2006 WL 3718333.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here. The record reflects that his claim that his sentence violates *Blakely* is without merit.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The standard

for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

The record fails to reflect any error under *Blakely*. Therefore, petitioner cannot establish the ineffective assistance of counsel based on his attorney's failure to raise the issue.

The trial court imposed nine years on count one, aggravated burglary, a first degree felony; seven years on count two, felonious assault, a second degree felony; nine years on count three, kidnapping, a first degree felony; nine years on count four, aggravated robbery, a first degree felony; nine years on count five, attempted murder, a first degree

felony; seven years on count six, felonious assault, a second degree felony; plus three years consecutive mandatory incarceration on the firearm specification charged in count one (the remaining firearm specifications were merged) for an aggregate term of twenty eight years incarceration. *See Exhibit 3 to Return of Writ.*

However, the trial court's imposition of consecutive terms of incarceration did not violate *Blakely. Oregon v. Ice*, --- U.S. ----, 129 S.Ct. 711, 714-15 (2009) (6th Amendment does not preclude judicial fact finding as a basis for imposition of consecutive sentences). Further, the trial court's imposition of statutorily mandated consecutive three year terms of incarceration on petitioner's firearm specifications likewise did not violate *Blakely.* O.R.C. §2929.145 2929.145; 2929.14(D)(1)(a)(ii).[4]  Finally, as noted by the state appellate court, although the trial court concluded at petitioner's sentencing hearing that petitioner had committed the worst form of the offenses charged, *see Sentencing Transcript,* as was

---

[4] O.R.C. 2929.14(D)(1)(a)(ii) provides:

Except as provided in division (D)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section ... 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:

* * *

(ii) A prison term of three years if the specification is of the type described in section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;

required under O.R.C. §2929.14(C) prior to *Foster* to impose the maximum penalty for an offense charged, the trial court did not impose any maximum prison sentences on any of petitioner's convictions. *See* O.R.C. §2929.14(A); Exhibit 6 to Return of Writ. Further, the trial court did not need to make any prohibited factual findings under *Blakely* to impose more than the minimum authorized terms of incarceration on petitioner's convictions at issue, as it did, since it was not disputed that petitioner had previously served a prison term. *Exhibit 3 to Return of Writ; Sentencing Transcript*, at 434;[5] O.R.C. §2929.14(B)(1).[6] Under these circumstances, any *Blakely* error would be harmless. *See Washington v. Recuenco*, 548 U.S. 212 (2006).

---

[5] The prosecutor requested the trial court to impose maximum consecutive sentences of fifty one years incarceration, stating:

> [H]e was 18 when he picked up his first felony B&E. He is now 36 so he had 18 years as a juvenile and 18 years as an adult; and as an 18 year old adult, he has been in prison 16 of those 18 years.

*Sentencing Transcript,* at 434.

[6] O.R.C. 2929.14(B)(1) provides in relevant part:

> [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge